IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO GREEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:25-cv-01069 |
| JULIO ROBLES, et al., | ) ) | JUDGE RICHARDSON |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Antonio Green, an inmate of the Rutherford County Sheriff's Office, filed a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. (Doc. No. 1.) After an unsuccessful initial attempt to secure leave to proceed in forma pauperis (IFP) (*see* Doc. Nos. 2, 8), Plaintiff has filed a second IFP application. (Doc. No. 9.)

This case is before the Court for ruling on Plaintiff's IFP application and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because Plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, the IFP application (Doc. No. 9) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350

instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. 28 U.S.C. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

**A. Legal Standard**

In cases filed by prisoners, the Court must conduct an initial screening and "identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint" or any portion of it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

## B. Factual Allegations

Plaintiff alleges the following facts in his Complaint (Doc. No. 1) and a supplement filed shortly after the Complaint. (Doc. No. 5.) On November 16, 2023, Plaintiff was arrested and handcuffed by Murfreesboro Police Officer Julio Robles after Robles determined that Plaintiff

appeared to match the description of a suspect in a be-on-lookout ("BOLO") dispatch. The subject of the BOLO was in fact Plaintiff's brother, a fact determined by Officer Robles at the scene. But a check of Plaintiff's record disclosed that there was an active warrant for his arrest. After discovering the warrant, Robles searched Plaintiff's person and discovered a handgun. Plaintiff was thereafter charged with felony possession of a firearm, a charge for which he is currently being prosecuted. *See* https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=5F50F822-AC7A-47A1-BD5D-98D46982C53A&dsid=23e44664 (last visited May 20, 2026).[1]

## C. Analysis

Plaintiff claims that his search and seizure by Officer Robles violated his Fourth Amendment rights, in that he should have been allowed to leave the scene once it was determined that he was not the subject of the BOLO, but instead the detention continued and his name "was r[u]n through dispatch" without probable cause, leading to his arrest and prosecution for felony possession of a firearm. (Doc. No. 1 at 6; Doc. No. 5 at 2.) He seeks compensatory damages against Robles and the Murfreesboro Police Department. (Doc. No. 1 at 2, 8.)

The first defect in Plaintiff's Complaint is that a police department is not a "person" that can be sued under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2–3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in

---

[1] The Court takes judicial notice of the results of this online court records system for Rutherford County, which confirms that Plaintiff is facing the weapons charge and probation revocation, with a "violation date" of November 16, 2023. The Court may take judicial notice of adjudicative facts at any stage of the proceedings, Fed. R. Evid. 201, including facts contained in "public records and government documents available from reliable sources on the Internet," *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021) (quoting *Roane Cnty., Tennessee v. Jacobs Eng'g Grp., Inc.*, No. 3:19-CV-206-TAV-HBG, 2020 WL 2025613, at *3 (E.D. Tenn. Apr. 27, 2020), and facts concerning "proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). Accordingly, Plaintiff cannot maintain this suit against the Murfreesboro Police Department.

In addition, the Complaint's allegations make clear that this action was not filed in time to comply with the applicable statute of limitations. "Although the statute of limitations is an affirmative defense that a plaintiff ordinarily need not plead to state a claim, dismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 364 (6th Cir. 2024), *cert. denied sub nom. Wershe v. Detroit*, 145 S. Ct. 1128 (2025) (citing *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers*, 86 F.4th 1168, 1178 (6th Cir. 2023)). No statute of limitations expressly applies to claims under Section 1983, which instead "borrows the personal-injury statute of limitations from the state in which the claim arose." *Id.* at 365 (quoting *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017)). In Tennessee, the applicable limitations period is one year from the date of the claim's accrual. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021) (citing Tenn. Code Ann. § 28-3-104(a)(1)). Federal law determines the accrual date, and it is well established in the Sixth Circuit that "a § 1983 federal civil rights claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)). The limitations period thus begins to run on "the date that the plaintiff discovered, or reasonably should have discovered, basic facts about the claim" to a compensable injury, *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024),[2] "not when the [injury's] consequences become most painful." *Frasure*

---

[2] The *Reguli* court discussed the fact that although the U.S. Supreme Court has, in three Section 1983 cases, applied the rule that accrual occurs when "the plaintiff has a complete and present cause of action," "our

*v. Shelby Cnty. Sheriff's Dep't*, 4 F. App'x 249, 250 (6th Cir. 2001) (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

Plaintiff claims that his Fourth Amendment rights were violated during his search and seizure on November 16, 2023. "The statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury—when the plaintiff knows or has reason to know about the occurrence of the unconstitutional search." *Codrington v. Dolak*, 142 F.4th 884, 890 (6th Cir. 2025) (citation and internal quotation marks omitted). So, the limitations period for any claim that Officer Robles unreasonably searched Plaintiff's record for outstanding warrants after he was determined not to be the subject of the BOLO, or unreasonably seized his person based on the BOLO,[3] began to run on the date the allegedly injurious search and seizure occurred: November 16, 2023. *See id.* at 890–91.

Meanwhile, Plaintiff's Fourth Amendment claim of false arrest (based on the search that yielded his concealed firearm and his arrest for felony firearm possession), as well as any false imprisonment claim based on his continued detention on the firearm possession charge without legal process,[4] accrued "when the false imprisonment end[ed] with the issuance of legal process— when, for example, the plaintiff [was] brought before a magistrate." *Dibrell*, 984 F.3d at 1162; *see also Codrington*, 142 F.4th at 892 ("A false-arrest-and-imprisonment claim brought under § 1983

---

§ 1983 cases have taken a different approach," "postpon[ing] the limitations period to the date" of discovery of basic facts about the claim. 109 F.4th at 879 (citations and internal quotation marks omitted). The Sixth Circuit's approach to accrual would seem to benefit plaintiffs, and the Court follows it here on initial review, where inferences are to be drawn in Plaintiff's favor. Ultimately, though, in this case Plaintiff cannot prevail despite receiving the benefit of the application of this favorable (to him) Sixth Circuit rule.

[3] *See* Doc. No. 1 at 6 ("I was unreasonably seized by MPD for a bolo after viewing my identification[.] … I was not permitted to leave and without probable cause and just reason my name was run through dispatch even in light of the fact that I was not in fact the person on the bolo[.]").

[4] *See* Doc. No. 1 at 6–7 ("I was then searched by Officer Robles and a hand gun was discovered and I was placed under arrest for my active warrant as well as felony possession of a firearm by convicted felon[,] all stemming from the violation of my constitutional rights.").

accrues when the state initiates legal process against the plaintiff, such as through arraignment or formal charging."). The online court records for Rutherford County reveal that a surety bond issued for Plaintiff the day following his arrest, on November 17, 2023. S*ee* https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=B5801D73-2E43-48E3-A24E-F475716532D5&dsid=f4f79266 (last visited May 21, 2026). Even if the date of his preliminary hearing (February 22, 2024) or his arraignment after his grand jury indictment (June 25, 2024), *see id.*, was used to begin the running of the limitations period, his Complaint was not filed until, at the earliest, July 10, 2025, when it was signed.[5] (*See* Doc. No. 1 at 8.)

Thus, more than one year passed between the accrual of any of Plaintiff's claims and the filing of his Complaint. The Complaint's allegations concerning the timing of events are straightforward and do not suggest any reason to apply tolling to excuse its untimely filing. This case is therefore time-barred.

### III. CONCLUSION

For the reasons given above, the Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state any timely claim on which relief may be granted.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

---

[5] The Complaint arrived in an undated envelope. It was received in the Clerk's Office on September 19, 2025. (*See* Doc. No. 1 at 9.)

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE